### GORDON et al. v. WYNESS.

(Supreme Court, Appellate Division, Second Department. October 1, 1915.)

1. PARENT AND CHILD ⬅2—AGREEMENTS CONCERNING CUSTODY—LIABILITY OF PARENT.
   Where the father of a minor child delivered it to plaintiffs, agreeing that they should have its custody until majority, his breach of his agreement, while not furnishing ground for recovery of damages for injury to plaintiff's feelings, will afford a basis for recovery on the quantum meruit for services actually rendered to the infant.

   [Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. ⬅2.]

2. PLEADING ⬅72—COMPLAINT—VARIANCE—PRAYER FOR RELIEF.
   A complaint should not be dismissed because it prayed for greater relief than the law allowed.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 143, 144; Dec. Dig. ⬅72.]

Appeal from Trial Term, Nassau County.

Action by Peter M. Gordon and another against George Wyness. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Douglass C. Lawrence, of New York City (Edgar P. Foster and Olin A. Foster, both of New York City, on the brief), for appellants.

Harry L. Guggenheim, of New York City, for respondent.

CARR, J. When this case was reached for trial, and after a jury had been obtained, the defendant moved to dismiss the complaint on the ground that it failed to state a cause of action. The motion was granted, and judgment was entered accordingly, from which the plaintiffs appeal.

The complaint is somewhat discursive, but what it states in effect is as follows: The defendant's wife had given birth to a child and

died shortly thereafter; by a mutual agreement between the plaintiffs and the defendant, plaintiffs took the child and cared for it for a period of four years; thereafter the defendant remarried and took the child away from the plaintiffs. The complaint alleges, further, that there was an express agreement between the plaintiffs and the defendant that the child should be allowed to remain with the plaintiffs until it attained full age. The complaint contains an allegation of damages to the plaintiffs in their feelings and also loss to them in the reasonable value of the maintenance of the child in the meantime.

[1] Doubtless, as to the claim for damages for injury to feelings, there may be no recovery. But is it possible that under these circumstances there may be no recovery on the question of quantum meruit for services actually rendered? The defendant has had his child cared for for four years. According to the complaint, he agreed to leave the child with the plaintiffs until it attained its majority. The contract was plain. Of course, it was not such a contract as equity would enforce by specific performance, for the father had the right to take his child away and give it his parental bringing up according to his own judgment. But he could not farm out his child in the meantime, and have it receive the care and attention of others, without being liable for the reasonable value of such services, if he broke his agreement. So it seems to me.

[2] So far as the question of precedents is concerned, this case seems to be one of first impression. The complaint should not have been dismissed because the plaintiffs in their complaint claimed a larger measure of damages than the law should allow. Though somewhat crude, the complaint is sufficient to sustain a cause of action upon a quantum meruit.

I recommend, therefore, that the judgment dismissing the complaint be reversed, and a new trial granted, costs to abide the event. All concur.